JAMES THOMAS O'DONNELL, Appellant, v. SHERIFF, WASHOE COUNTY, NEVADA, Respondent.

No. 8487

November 21, 1975                                        542 P.2d 733

*Grellman, Polaha & Coffin,* of Reno, for Appellant.

*Robert List,* Attorney General, Carson City; *Larry R. Hicks,* District Attorney, and *Calvin R. Dunlap,* Deputy District Attorney, Washoe County, for Respondent.

# OPINION

*Per Curiam:*

At the conclusion of a preliminary examination James Thomas O'Donnell was ordered to stand trial for burglary, a felony under NRS 205.060. O'Donnell then sought and was denied habeas corpus in the district court. In this appeal O'Donnell argues we are compelled to reverse because the state failed to produce evidence to corroborate the only incriminating testimony, that given by an accomplice, Clarence Rew Baggett.

Baggett, an ex-felon, testified he and O'Donnell burglarized a medical clinic in Sparks. The record shows this testimony was given in exchange for the prosecutor's agreement, *inter alia,* to recommend that Baggett be given a suspended sentence and probation on the instant charge.

Other than Baggett's testimony, the only inference that O'Donnell may have been implicated was from a witness who testified that a car of the same make and color as one owned by O'Donnell had been parked at the medical clinic at a time when the burglary could have taken place. Respondent's argument that this testimony corroborates Baggett is contrary to Nevada law. See Austin v. State, 87 Nev. 578, 585, 491 P.2d 724, 729 (1971), wherein the court noted that it had previously held "that an accomplice was not sufficiently corroborated, even to show probable cause to hold for trial, merely by showing the defendant was with the accomplice near the scene of the crime on the night it was committed, at the time the accomplice testified they committed it in concert."

Accordingly, we reverse and remand this case to the district court with instructions to grant the petition for a writ of habeas corpus. In the event the state has evidence to corroborate Baggett, it may institute new charges within 15 days after *remittitur* issues.